UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRILL C. SOUTIEA,            )<br>                                                )<br>         Plaintiff,               )<br>                                                )<br>     vs.                            )<br>                                                )<br>CAROLYN W. COLVIN,[1]         )<br>Commissioner of Social Security   )<br>         Defendant.            )     | Case No. 4:11CV01876ERW-SPM |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Shirley Padmore Mensah [ECF No. 22], pursuant to 29 U.S.C. § 636(b).

### I.  PROCEDURAL BACKGROUND

Plaintiff Terrill C. Soutiea ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), requesting judicial review of the decision of Defendant, the Commissioner of Social Security's ("the Commissioner"), finding that she is not disabled and denying her application for supplemental security income.  This matter was referred to a United States magistrate judge pursuant to 29 U.S.C. § 636(b), and in her Report and Recommendation [ECF No. 22], Magistrate Judge Mensah concluded that there was substantial evidence on the record as a whole supporting the Commissioner's finding that Plaintiff was not disabled, and therefore, recommended that the final decision of the Commissioner be affirmed.  *See, e.g., Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (role of the reviewing court with respect to

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is hereby substituted for Michael J. Astrue as Defendant.

administrative adjudications by the Commissioner of Social Security is to determine whether the Commissioner's decision was supported by "substantial evidence").

Plaintiff filed timely Objections to the Report and Recommendation [ECF No. 23]. "[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting § 636(b)(1)). The Court therefore conducts a de novo review of the matters raised in Plaintiff's Objections.

## II.  DISCUSSION

In her Objections to the Report and Recommendation, Plaintiff essentially renews some of the arguments she put forth in favor of reversing the Administrative Law Judge's ("ALJ") decision on her benefits claims. Plaintiff contends that (1) the ALJ did not consider the possibility that Plaintiff "medically equaled" Listings 11.02 and 11.03 for convulsive and non-convulsive epilepsy [ECF No. 23 at ¶¶ 1-3]; and (2) the ALJ erred by failing to call a medical expert for an updated opinion about whether Plaintiff medically equaled a listing. *Id.* at ¶4.

The Court's review of the Commissioner's decision is limited to determining whether the decision was supported by "substantial evidence in the record as a whole." *Krogmeier*, 294 F.3d at 1022. In assessing the record as a whole, courts "consider evidence that detracts from the decision, as well as evidence that supports it." *Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010). "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the [Commissioner's] decision." *Id.* Thus, so long as there is substantial evidence supporting the decision, the reviewing court may not reverse even if there is also some evidence that would support a contrary outcome. *Id.*; *see also Bland v. Bowen*,

2

861 F.2d 533, 535 (8th Cir. 1988) ("The concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.").

In determining whether an applicant is "disabled" for purposes of the Social Security Act, the Commissioner applies a five-step sequential analysis: (1) the ALJ determines if the claimant is engaged in substantial gainful activity, and if so, the claimant is not disabled; (2) the ALJ determines whether the claimant has a severe medical impairment that has lasted, or can be expected to last, at least 12 months; (3) if so, the ALJ then assesses the severity of the impairment, specifically whether it meets or equals, in terms of severity, certain impairments listed in the regulations; (4) if the claimant has met the preceding severity requirement, the ALJ assesses the claimant's residual functional capacity ("RFC") and decides whether she has the RFC to perform past relevant work; and (5) if the claimant cannot perform past relevant work, in this last step the ALJ considers whether the claimant has the RFC to perform other jobs in the economy – if not, she is disabled. *See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); § 404.920(a)(4) (supplemental security income); *see also, e.g.*, *Kluesner v. Astrue*, 607 F.3d 533, 536-37 (8th Cir. 2010) (describing the five-step process). Plaintiff's Objections concern the third step of this analysis.

  A.  *The ALJ's Failure to Consider that Plaintiff Did Not Medically Equal Listings 11.02 or 11.03*

Plaintiff argues that the ALJ did not consider whether she medically equaled Listings

11.02 and 11.03 for convulsive and non-convulsive epilepsy. [ECF No. 23, at ¶1].[2] Although Plaintiff acknowledges that the ALJ concluded in a headnote that Plaintiff did not have an impairment that meets or medically equals any listing, Plaintiff disputes that this means the ALJ considered 11.02 or 11.03. The listings consist of impairments, organized by major body systems, that are deemed sufficiently severe to prevent a person from doing not only substantial gainful activity, but any gainful activity at all. 20 C.F.R. §§ 404.1525(a), 416.925(a). To "equal" a listing, the medical findings must be "at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526(a). A claimant's impairments must meet or equal *all* of the specified medical criteria in a particular listing for the claimant to be found disabled at step three of the sequential evaluation. *See Sullivan v. Zebley,* 493 U.S. 521, 530–32 (1990). The evidentiary standards for presumptive disability under the listings are stricter than for cases that proceed to other steps in the sequential evaluation process because medical findings carry the entire burden of proving disability, and vocational factors such as age, education, or work experience are not considered. *See* 20 C.F.R. § 404.1520(d); *Zebley,* 493 U.S. at 532. The greater level of evidentiary proof is a reasonable rule given that the listings represent an automatic screening rather than an individual judgment based on all relevant factors in a claimant's claim. *See Zebley,* 493 U.S. at 532. The burden of proof is on the plaintiff to establish that his impairment meets or equals a listing. *Jones v. Astrue*, No. 4:08CV01472FRB, 2010 WL 883658, at * 8 (E.D. Mo. Mar. 5, 2010) (citing *Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (burden is on claimant to show she meets or equals listing's requirements).

Here, Plaintiff must establish medical findings that are equal in severity and duration to

---

[2]Plaintiff does not challenge the ALJ's more detailed finding that she did not *meet* the criteria of Listing 11.02 and 11.03. *See* Plaintiff's Brief in Support of the Complaint, [ECF No. 16, at 16]; and Plaintiff's Objections to Report and Recommendation, [ECF No. 23, at ¶¶ 1-2].

4

the requirements of Listings 11.02 or 11.03.  Listing 11.02 requires "convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment," plus "[d]aytime episodes (loss of consciousness and convulsive seizures)" or "[n]octurnal episodes manifesting residuals which interfere significantly with activity during the day." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.02.  Listing 11.03 requires "nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment and include alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day." *Id.* at § 11.03.

     The ALJ made the finding that Plaintiff "does *not* have an impairment or combination of impairments that meets *or medically equals* one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." [ECF No. 11-3, at 18] (emphasis added).  Then, the ALJ discussed the above-listed requirements of Listings 11.02 and 11.03, and concluded that Plaintiff did not *meet* either listing.  *Id.* (emphasis added).  As a basis for his conclusion, the ALJ found that Plaintiff has "had episodes that have not clearly been diagnosed as convulsive or non-convulsive epilepsy" and that "there is no evidence of convulsive seizures occurring during the day or at night."  *Id.*  The ALJ also noted that the evidence does "not document transient postictal manifestation of unconventional behavior or significant interference with activity during the day" as required under Listing 11.03.  *Id.*  The ALJ further stated that Plaintiff's doctors have not been entirely convinced that the episodes are seizures rather than being related to a psychological

5

cause. *Id.*[3]  As argued by the Plaintiff, however, the ALJ did not make a specific finding that Plaintiff's impairments did not *medically equal* the criteria of Listings 11.02 and 11.03.[4]

Here, the Court agrees that the medical records provide substantial evidence for the ALJ's implicit finding that Plaintiff did *not* medically equal the criteria for 11.02 or 11.03.  *See Jackson v. Astrue*, 314 Fed. Appx. 894, 895 (8th Cir. 2008).  As noted earlier, it is the Plaintiff's burden to establish that her impairments medically equal Listings 11.02 and 11.03.  No treating or examining physician has mentioned findings equivalent in severity to the criteria of Listings 11.02 and 11.03.[5]  *See Carlson v. Astrue*, 604 F.3d 589, 594 (8th Cir. 2010).   Furthermore, in support of the ALJ's determination, the Psychiatric Review Technique Form, completed by James Spence, Ph.D, on September 17, 2009, stated that the "evidence does not support an impairment that meets or equals a listing currently." [ECF No. 11-9, at 37].  The other

---

[3]The ALJ made the finding that Plaintiff has "a history of seizure like activity most likely from a conversion disorder or somatization disorder." [ECF No 11-3, at 17].  Plaintiff made no objection to this finding.

[4]The ALJ discussed why Plaintiff did not medically equal Listings 12.04, 12.06, and 12.07.  [ECF No. 11-3, at 18].  The Commissioner contends that Plaintiff's seizure-like activity was properly evaluated under the most similar Listing - 12.07, as it likely stemmed from a conversion or somatization disorder. [ECF No. 19, at 6-7].  The Magistrate found that the ALJ's decision to focus on this Listing was supported by substantial evidence. [ECF No. 22, at 20].  As Plaintiff does not raise an objection, this finding will not be further discussed.

[5]Plaintiff objects to the Magistrate's statement, "Plaintiff does not cite, and the undersigned's review of the record does not reveal, any evidence suggesting that Plaintiff had impairments that were *equal* in severity to convulsive seizures or transient postictal manifestations." [ECF No. 23, at ¶ 3].  Plaintiff contends this is an inappropriate medical conclusion by the Magistrate.  *Id.*  Plaintiff then asserts that evidence from a medical expert is the appropriate basis for such conclusion, and that no physician in the record was asked whether Plaintiff had impairments equal to convulsive seizures or transient postictal manifestations.  *Id.* However, the Magistrate's statement is not a medical conclusion, but a reference to her examination of the record to determine if Plaintiff met her burden to provide evidence from a treating or examining medical provider which establishes that Plaintiff medically *equaled* the two requirements not *met* under Listings 11.02 and 11.03.  Therefore, the Court rejects Plaintiff's argument.

consultative examinations and opinions contained in the record, from Dr. Nicole Werner, Ph.D., and Thomas J. Spencer, Psy.D., also did not provide evidence that Plaintiff medically equaled a listing.  [See ECF No. 11-9, at 136-139; ECF No. 11-10].  Plaintiff does not offer, point to, or cite any supporting evidence that she medically equaled 11.02 or 11.03.  Plaintiff fails to specifically link the evidence in the record to a medical listing.  *See Bridges v. Astrue*, No. 11-3247-SSA-CV-S-MJW, 2012 WL 3637712, at * 9 (W.D. Mo. Aug. 22, 2012) (concluding that plaintiff fails to meet her burden of proof to establish that she meets or equals a listing as she does not " provide a close connection between the evidence and the medical listings").  As the absence of evidence supporting medical equivalency can constitute substantial evidence, here, there is substantial evidence supporting the ALJ's finding that Plaintiff did not medically equal a listing.

In her Objections to Report and Recommendation, Plaintiff objects to the manner in which the ALJ made his findings under Step 3.  Plaintiff argues that The ALJ's conclusion that Plaintiff  "does *not* have an impairment or combination of impairments that meets *or medically equals* one of the listed impairments" was *insufficiently* made in a boilerplate headnote only, with no specific discussion of Listings 11.02, or 11.03.  [ECF No. 23, at ¶¶ 1-2] (emphasis added).  Plaintiff further contends that, although the ALJ did analyze whether Plaintiff *met* 11.02 and 11.03, this does not indicate that the ALJ meaningfully considered whether she *equaled* the Listings.  *Id.* (emphasis added).  However, the Court finds that the ALJ's overall conclusion, without specific mention of equivalency in regard to Listings 11.02 and 11.03, *is sufficient* as the overall record provides substantial evidence that Plaintiff does not medically equal either listing.  *See Payne v. Astrue*, No. 4:11CV1295 LMB, 2012 WL 4109023, at * 12 (E.D. Mo. Sept. 18, 2012) ("Although it is preferable that ALJs address a specific listing, failure to do so is not

7

reversible error if the record supports the overall conclusion."); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 n.3 (8th Cir. 2005) (noting that ALJ's failure to mention specific listing is not reversible error if record supports overall conclusion). Furthermore, Plaintiff must meet her evidentiary burden before the ALJ would be required to address a specific listing. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertion that ALJ did not consider whether appellant met certain listings, where no analysis of law or facts was provided).

> B.  *The ALJ erred by failing to call a medical expert for an updated opinion about whether Plaintiff medically equaled a listing.*

As noted above, James Spence, Ph.D., reviewed medical evidence for the state agency in 2009, and completed a Psychiatric Review Technique Form, concluding that the evidence does not support an impairment that met or equaled a listing. [ECF 11-9, at 37]. Plaintiff contends that the medical record has been expanded since 2009 when Dr. Spence issued his opinion. Plaintiff argues that an updated opinion from a medical expert is needed due to this expansion, including the medical evidence subsequently received from the January 24, 2011consultative exam performed by Dr. Spencer. Plaintiff maintains that Dr. Spencer's findings could have modified Dr. Spence's conclusion. [ECF No. 20, at ¶ 3; ECF No. 23, at ¶ 4]. Plaintiff states that Dr. Spencer's evaluation provided "new and important medical information about Plaintiff's condition that was not available to Dr. Spence." [ECF No. 20, at ¶ 3].

After the administrative hearing, the ALJ sent Plaintiff for the consultative psychological evaluation with Dr. Spencer. In Dr. Spencer's Psychological Evaluation, he noted that Plaintiff's results on the Minnesota Multiphasic Personality Inventory 2 (MMPI-2) were consistent with an individual who experiences little anxiety and converts psychological conflict into physical

8

complaints.  [ECF No 11-10, at 10].  However, Dr. Spencer observed that Plaintiff's results also suggested that she could be experiencing depression and anxiety because she was unable to effectively eliminate those conflicts.  *Id.*  He also stated that Plaintiff's results were consistent with an individual who typically engages in extensive complaining about her physical problems.  *Id.*  Dr. Spencer noted that "such individuals often manipulate people through complaints regarding their health problems."  *Id.*  Dr. Spencer diagnosed major depressive disorder and rule out conversion disorder vs. somatization disorder.  *Id.*  He assigned a GAF score of 55 to 60.  *Id.* at 11.

As noted, Plaintiff claims that the psychological evaluation conducted by Dr. Spencer is "new and important" evidence, requiring the ALJ to seek an updated expert opinion from the state agency regarding whether Plaintiff's impairments were equivalent to Listings11.02 and 11.03.  However, the Court finds that there is substantial thath an additional medical opinion is not required.  Plaintiff does not point to specific evidence contained in  Dr. Spencer's psychological evaluation, nor can the Court discern evidence, from Dr. Spencer, or in the record, that Plaintiff's impairments were equivalent to listings 11.02 or 11.03.  Under Social Security Ruling 96-6p, an ALJ must obtain an updated medical opinion from a medical expert when "additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments."  As the overall record, including the expansion of it by Dr. Spencer, does not provide sufficient evidence suggesting Dr. Spence's conclusion should be modified, the Court rejects Plaintiff's contention that the ALJ erred by failing to call a medical expert for an updated opinion.

**III.    CONCLUSION**

The Court has reviewed those portions of Magistrate Judge Mensah's Report and Recommendation to which Plaintiff filed objections, and concludes that Plaintiff's objections are without merit. The Court finds that there is substantial evidence supporting the ALJ's determination that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. The ALJ's failure to specifically mention whether Plaintiff equaled 11.02 or 11.03 does not require reversal, as the overall record supports the determination, and Plaintiff failed to meet her burden to provide evidence supporting medical equivalence. Additionally, the Court rejects Plaintiff's argument that the ALJ erred by failing to call a medical expert for an updated medical opinion.

Therefore, the Court sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation [ECF No. 22], as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying Plaintiff's claims for disability benefits and supplemental security income is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [ECF 1] is dismissed with prejudice.

Dated this ___29th___ day of March, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE